[File No. 5971.]

COUNTY OF EMMONS, a Municipal Corporation of the State of North Dakota, Respondent, v. JOHN A. BEAL, J. E. Holsti, Emil A. Holsti, Hjalmar Sundahl and G. G. Scheeler, Appellants.

(238 N. W. 655.)

Opinion filed October 26, 1931. Rehearing denied November 12, 1931.

*Arthur B. Atkins* and *Coventry & Thompson*, for appellants.
*Geo. W. Lynn*, for respondent.

BURR, J. This is a companion case to the one already decided, known as No. 5970, post, 536, 238 N. W. 651. A bond in the sum of $10,000, to secure the payment of county funds deposited by plaintiff with said bank, was executed on December 22, 1926 by the Security State Bank of Kintyre with the defendants in this case as sureties, and the liability thereunder was limited to deposits made within four years from date, there being no time limit specified in the bond. Appellants Beal, Scheeler and the two Holsties are defendants common to both cases.

The record in the other case, together with the bond in issue, is the record in this case and it is so stipulated. The court found in favor of the plaintiff and ordered judgment in the sum of $15,436.55.

The issues involved are identical with the companion case and there-

fore the judgment of the lower court finding these defendants liable upon this bond is correct.

However the amount of the judgment is erroneous. The evidence in the companion case, known as No. 5970, is the evidence in this case.

The total amount due the county at the time of the closing of the bank was $18,114.18. This consisted of a certificate of deposit for $11,164.80 dated April 20, 1928 and a checking account of $6,632.55 deposited after May 13, 1928. There was in addition interest charged on the certificate of deposit. On this claim the receiver paid a dividend of $2,669.60. Part of this claim, the balance due on the certificate of deposit, was secured by the bonds involved in the companion case and upon which the trial court ordered judgment for $9,798.98. Liability on those bonds ceased on May 13, 1928; but liability on the bond involved herein continued until after the closing of the bank, and the bond given in this case secures also the amount remaining due on the certificate of deposit. Thus all deposits between December 22, 1926 and May 13, 1928 were secured by the two bonds involved in the companion case and the bond involved in this case; but the deposits made after May 13, 1928 were protected by the bond in this case. Consequently the liability of the defendants on this bond includes all of the unpaid claim of the bank not to exceed the amount of the bond.

As the defendant Sundahl is liable on this bond for all deposits made between December 22, 1926 and December, 1928, when the bank closed, he is liable for the unpaid portion of the certificate of deposit, even though this is represented by the judgment in the companion case; but the liability of all of the defendants in this case upon the bond involved herein cannot be in a sum greater than the sum stated in the bond,—$10,000—as this is the extent of the sureties' liability upon this bond. In addition the companion case has a defendant Kleppe, who is not involved in this case and he is liable for the judgment rendered therein.

It must be evident however that payments made upon the judgment in the companion case are made upon a claim involved in the judgment here, and therefore when payments are made the defendants have a right to an adjustment so that they will not be required to pay the same amounts twice. The judgment in this case therefore is reduced

to $10,000, the amount of the liability specified in the bond, with costs to the plaintiff in the lower court and costs to the appellants in this court, the defendants having a right to an adjustment between the two judgments when paid so that no portion of the claim of the county is paid twice. With this modification the judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.